UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NELLIE COLLAZO | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:20-CV-575 (VLB) |
| | : | |
| NUTRIBULLET ET AL., | : | |
| *Defendants.* | : | JULY 21, 2020 |

## ORDER ON MOTION TO DISMISS [ECF No. 15]

Now pending before the Court is Defendants' motion to dismiss Counts II, IV, VI and VIII of the Complaint, each of which asserts a breach of warranty claim against a separate Defendant, on the grounds that the claims are precluded by the exclusivity provision of the Connecticut Products Liability Act ("CPLA"). [ECF No. 15]. Plaintiff has not responded. *See* [ECF No. 20]. For the reasons set forth below, the Court GRANTS Defendants' motion.

I.   **Procedural History**

According to her Complaint, on April 1, 2017, Nellie Collazo was injured when her Nutribullet food processor would not disengage and ultimately projected hot liquid onto her. [ECF No. 1-2 (Ex. B: Compl.) ¶6]. On March 18, 2020, Collazo filed her Complaint in state court against Defendants Nutribullet, LLC; Capital Brands, LLC; Capital Brands Distribution, LLC; and Homeland Housewares, LLC. *Id.* She asserted two counts against each Defendant, one for "Products Liability" and one for "Breach of Implied Warranty of Merchantability." *Id.* After removing the action to federal court, Defendants move to dismiss the "Breach of Implied Warranty of Merchantability" Counts, which are Counts II, IV, VI, and VIII. [ECF No. 20].

1

## II. Legal Standard

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should be granted if "it is clear that no relief could be granted under any set of facts that be proven consistent with the allegations." *Norris v. Norwalk Pub. Sch.,* 124 F. Supp. 2d 791, 794 (D. Conn. 2000) (quoting *Hishon v. Spalding*, 467 U.S. 69, 73 (1984)).

## III. Discussion

In Connecticut, product liability actions are governed by the Connecticut Product Liability Act ("CPLA"), *codified at* Conn. Gen. Stat. §§ 52-572m, *et seq*. Under the CPLA, a "product liability claim" includes actions based on breach of warranty:

> (b) "Product liability claim" includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; *breach of warranty, express or implied*; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent.

Conn. Gen. Stat. § 52–572m(b) (emphasis added).

The CPLA provides the exclusive remedy against a product seller for any product liability claim which falls within the statute's scope:

> A product liability claim as provided in sections 52–240a, 52–240b, 52–572m to 52–572r, inclusive, and 52–577a may be asserted and shall be *in*

> *lieu of all other claims against product sellers, including actions of* negligence, strict liability and *warranty*, for harm caused by a product.

Conn. Gen. Stat. § 52–572n(a) (emphasis added). The statute does not abolish common law claims in product liability actions, but instead incorporates them into a single count to simplify pleadings. *LaMontagne v. E.I. Du Pont de Nemours & Co., Inc.*, 41 F.3d 846, 855 (2d Cir. 1994). In *Winslow v. Lewis-Shepard, Inc.*, the Connecticut Supreme Court affirmed a trial court's order striking the plaintiff's common law causes of action, including breach of warranty counts, finding "clearly" that the CPLA is the "exclusive remedy for claims falling within its scope." 212 Conn. 462, 471 (1989); *see also id.* at 470 (quoting 22 S. Proc., Pt. 14, 1979 Sess., pp. 4636-39) ("Section 2 sets forth that the Bill is intended as a substitute for prior theories for harm caused by a product. This section is intended to cut down on the number of counts in a complaint for injuries caused by a product…. What we're really abolishing is the various causes of action that have been brought in cases in which we normally would call products liability cases.") (internal quotation marks omitted).

Here, Counts II, IV, VI and VIII of Plaintiff's complaint relate solely to "personal injury" " caused by a product," and therefore fall within the scope of the CPLA. *See* Conn. Gen. Stat. §§ 52-572m(b), 52–572n(a). As described above, the Complaint asserts two counts each Defendant, one for "Product Liability" and one for "Breach of Implied Warranty of Merchantability." But the underlying factual basis for each count is the same. The Product Liability counts of Plaintiff's Complaint each allege that the NutriBullet food blender is designed and

3

manufactured in a way "that the fast moving blade causes the contents to overheat thereby causing them to explode unexpectedly upon its users." *See, e.g.*, [ECF No. 1-2 at ¶¶15–16]. The Breach of Implied Warranty of Merchantability counts each allege that the NutriBullet "was not safe for its intended use and was not of merchantable quality as warranted by the Defendants in that it possessed the propensity to overheat and explode thereby causing severe harm to its user including the Plaintiff." *See, e.g., id.* at ¶¶19-20 (citing Conn. Gen. Stat. § 42a-2-314). Because the Counts fall within the scope of the CPLA, the Court finds that CPLA's exclusivity provisions preclude Plaintiff's separate breach of warranty counts.

The Court next considers whether these claims should be considered as sub-claims under the CPLA, rather than being dismissed entirely. The CPLA does not "alter the substance of a plaintiff's rights or the facts that a plaintiff must prove in order to prevail." *LaMontagne*, 41 F.3d at 855 (citations omitted). Instead, the CPLA permits a plaintiff to assert various common law theories of liability thereunder. *Rosenthal v. Ford Motor Co., Inc.*, 462 F. Supp. 2d 296, 307 n. 11 (D. Conn. 2006); *see Densberger v. United Techs. Corp.*, 297 F.3d 66, 70 (2d Cir. 2002) ("Common law theories, however, rather than being preempted by the CPLA, are incorporated into the statute unless they are expressly inconsistent with it.") (citing *LaMontagne*, 41 F.3d at 855).

Federal courts in this district have extended the Second Circuit's holding that the CPLA incorporates common law theories to the proposition that the CPLA incorporates UCC theories: "[b]ecause the CPLA is silent as to the elements of a cause of action for breach of warranty, [a plaintiff] may rely… on another statutory

4

source: the Connecticut Uniform Commercial Code, Title 42a of the Connecticut General Statutes ("CUCC").." *Walters v. Howmedica Osteonics Corp.*, 676 F. Supp. 2d 44, 55 (D. Conn. 2009); see *McConologue v. Smith & Nephew, Inc.*, 8 F. Supp. 3d 93, 115 (D. Conn. 2014) (same); *Philadelphia Indem. Ins. Co. v. Lennox Indus., Inc.*, No. 3:18-CV-00217 (CSH), 2020 WL 705263, at *3 (D. Conn. Feb. 12, 2020) (same); *Simoneau v. Stryker Corp.*, No. 3:13-CV-1200 JCH, 2014 WL 1289426, at *13 (D. Conn. Mar. 31, 2014) (same); see also *Kuzmech v. Werner Ladder Co.*, No. 3:10-CV-266 VLB, 2012 WL 6093898, at *12 (D. Conn. Dec. 7, 2012) ("although the Plaintiffs pled their breach of warranty claims as separate counts, the Court will treat those claims as a single cause of action under the CPLA with multiple theories"). But none of these federal cases has addressed Connecticut case law when making the extension.

In fact, a line of Connecticut Supreme Court cases rejects extending the Second Circuit's reasoning to statutes, and to the Connecticut UCC in particular. In *Gerrity v. R.J. Reynolds Tobacco Co.*, a court in this District certified to the Connecticut Supreme Court the question of whether "the exclusivity provision of the product liability act, General Statutes § 52-572n (a), serves to prevent the plaintiff from also asserting a particular claim under CUTPA." 818 A.2d 769, 771 (Conn. 2003). In *Gerrity*, the Connecticut Supreme Court answered in the negative "under the circumstances of the present case," because the CUTPA claim fell "outside the scope of the product liability act" and so was "not barred." 818 A.2d at 775, 773. But the Court cautioned that, "[i]f however, a party brings a CUTPA claim and seeks to use that statutory scheme when the claim is, in reality, one

5

falling within the scope of the product liability act, then the [CPLA] exclusivity provision applies," in which case the CUTPA claim "is precluded and may not be asserted in conjunction with the product liability act claim." *Gerrity*, 818 A.2d at 775, 773.

Three years later, the Connecticut Supreme Court relied on its *Gerrity* analysis to hold that "plaintiffs' CUTPA claim… is barred by the exclusivity provision under § 52–572n (a)" and agreed with the trial court's grant of summary judgment on that basis. *See Hurley v. Heart Physicians, P.C.*, 898 A.2d 777, 788 (Conn. 2006) (citing *Gerrity*, 818 A.2d at 773-75). Finally, in 2009, the Court relied on *Hurley* to hold that "the exclusivity provision of the [CPLA] bars the plaintiff's claim of a breach of the implied warranty of merchantability under the UCC," and so "the trial court properly granted the defendants' motion to strike." *Sylvan R. Shemitz Designs, Inc. v. Newark Corp.*, 967 A.2d 1188, 1192 & n.9 (Conn 2009) (citing *Hurley*, 898 A.2d 777 & Conn. Gen. Stat. §§ 52-572n(a)).

The last subsection of Conn. Gen. Stat. § 52-572n supports the conclusion that the CPLA bars Connecticut UCC claims that fall within the CPLA's scope. Section 52-572n(c) specifies that commercial losses are governed by title 42a, the Connecticut Uniform Commercial Code, implying by exclusion that the Connecticut UCC does not govern other harms caused by products:

> (c) As between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim. An action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code.

6

Conn. Gen. Stat. § 52-572n(c); *see Shemitz Designs,* 967 A.2d 1188 (analyzing legislative history of UCC); *Davenport Assocs., Inc. v. L. Suzio Concrete Co., Inc.*, No. CV176072131, 2018 WL 7107550, at *1 (Conn. Super. Ct. Dec. 27, 2018) (granting motion to strike because, while claims for commercial loss "are specifically exempted from the CPLA," Plaintiffs' claims "for repair and replacement… may only be brought under the CPLA.).

Here, the breach of implied warranty of merchantability causes of action are more analogous to those in *Shemitz Designs*, 291 A.2d 1188, than to those in *Densberger* , 297 F.3d 66, 70. Like those in *Shemitz Designs*, and unlike those in *Densberger*, the breach of implied warranty of merchantability counts are brought under the Connecticut UCC, not Connecticut common law. Therefore, if the breach of implied warranty of merchantability counts fall within the CPLA, the claims are "precluded," *Hurley,* 898 A.2d at 788, not "incorporated into" the CPLA, *Densberger,* 297 F.3d at 70. As discussed above, the instant breach of implied warranty of merchantability Counts fall into the CPLA because each alleges that the NutriBullet "was not safe for its intended use…  in that it possessed the propensity to overheat and explode thereby causing severe harm to its user including the Plaintiff." *See* [ECF No. 1-2 ¶¶19-20] (citing Conn. Gen. Stat. § 42a-2-314). Therefore, the Court finds that, like the claims in *Shemitz Designs* and *Hurley*, the counts in the instant case must be dismissed in their entirety. *See Bonadies v. Windsor Window Co.,* No. NNHCV166063343, 2018 WL 4945647, at *2 (Conn. Super. Ct. Sept. 25, 2018) (granting summary judgment as to breach of implied warranty of merchantability causes of action in part on the basis of CPLA exclusivity).

7

## IV. Conclusion

For the reasons given above, the Court grants the motion to dismiss Counts II, IV, VI and VIII of the Complaint.

SO ORDERED this 21st day of July 2020 at Hartford, Connecticut.

_____/s/_____

**HON. VANESSA L. BRYANT**

**UNITED STATES DISTRICT JUDGE**